**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-6679**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

BRADLEY SHANE SHEPPARD,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.   Henry M. Herlong, Jr., Senior District Judge.  (8:04-cr-00420-HMH-1)

Submitted:  July 27, 2010              Decided:  August 9, 2010

Before TRAXLER, Chief Judge, and WILKINSON and KEENAN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Bradley Shane Sheppard, Appellant Pro Se.  Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bradley Shane Sheppard seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of his sentence. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006). When the district court denied relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling in debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Sheppard has not made the requisite showing. The district court lacked jurisdiction to deny Sheppard's Rule 60(b) motion on the merits because the claim he raised challenged the validity of his sentence, and thus the motion should have been construed as a successive 28 U.S.C.A. § 2255 (West Supp. 2010)

2

motion.  See Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005) (explaining how to differentiate a true Rule 60(b) motion from an unauthorized second or successive habeas corpus petition); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (same).  In the absence of pre-filing authorization from this court, the district court lacked jurisdiction to hear a successive § 2255 motion.  See 28 U.S.C. § 2244(b)(3) (2006). Accordingly, we deny a certificate of appealability and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED